UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

SCOTT M. HUTCHEON,

                    Plaintiff,

     v.

E. FARNUM,

                    Defendant.

9:18-CV-00203
(MAD/CFH)

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**APPEARANCES:**          **OF COUNSEL:**

Scott M. Hutcheon
P.O. Box 602
Bellmore, New York 11710
Plaintiff pro se

Hon. Letitia James          MATTHEW P. REED, ESQ.
Attorney General for the          Assistant Attorney General
State of New York
The Capitol
Albany, New York 12224
Attorneys for Defendant

**CHRISTIAN F. HUMMEL**
**U.S. Magistrate Judge**

### REPORT-RECOMMENDATION & ORDER[1]

    Plaintiff pro se Scott M. Hutcheon ("plaintiff"), a former inmate who was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that defendant E. Farnum ("defendant") – who, at all relevant times, was employed at Marcy Correctional

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

Facility ("Marcy") – violated his constitutional rights under the Eighth Amendment. See Dkt. Nos. 1 ("Compl."); Dkt. No. 8. Presently pending before the Court is defendant's Motion to Dismiss pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 26. For the following reasons, it is recommended that defendant's motion be granted.

**I. Background**

Plaintiff commenced this action on February 16, 2018. See Compl. On February 27, 2018, plaintiff submitted his Motion for Leave to Proceed in forma pauperis ("IFP"). Dkt. No. 5. In this Motion, plaintiff also notified the Court of his pending release and provided a new mailing address for future correspondence. See id. On August 20, 2018, the undersigned issued the Mandatory Pretrial Discovery and Scheduling Order, which set the discovery deadline for February 20, 2019. Dkt. No. 20. A copy of this order was served via regular mail to plaintiff's updated address. See Text Entry dated Aug. 20, 2018. On January 2, 2019, defendant served plaintiff with a Notice of Deposition for January 28, 2019. See Dkt. No. 26-2 ("Reed Decl.") ¶ 8; Dkt. No. 26-2, Exh. C. On January 28, 2019, plaintiff failed to appear for his deposition. Reed Decl. ¶¶ 10,11; Dkt. No. 26-2; Exh. D. Plaintiff did not contact defendant's counsel or communicate that he was unable to attend. Reed Decl. ¶ 10. Additionally, defendant had no reason to believe that the Notice of Deposition mailed to plaintiff on January 2, 2019, did not reach plaintiff at his updated address as it was not returned as undeliverable. Id. ¶ 9. Defendant incurred costs of $77.80 for the January 28, 2019, deposition transcript. Id. ¶ 11.

On February 4, 2019, the undersigned set a telephone status conference for February 15, 2019, and advised plaintiff that "fail[ure] to participate in court conferences

or abide by Court Orders may result in the dismissal of [the] action." Dkt. No. 23. The Court sent notice of the telephone status conference by regular mail to plaintiff's updated address that day. Id. Plaintiff failed to appear for the February 15, 2019, telephonic status conference and did not contact the Court. Text Min. Entry dated Feb. 15, 2019. On February 27, 2019, the undersigned granted defendant's request to file a motion to dismiss and set a briefing schedule. See Dkt. No. 25. On April 2, 2019, defendant filed a Motion to Dismiss for Lack of Prosecution. Dkt. No. 26. Plaintiff was afforded until April 26, 2019, to file a response to the Motion to Dismiss. Dkt. No. 25. To date, plaintiff has not responded to defendant's Motion to Dismiss, nor has he engaged in any activity or communication with the Court since filing his Motion for Leave to Proceed IFP in February 2018. See Dkt. No. 26.

## II.   Discussion[2]

Defendant requests an order from the Court "dismissing this action, with prejudice, pursuant to Fed. R. Civ. P. 41(b), Fed. R. Civ. P. 37(b)(2)(v), and Local Rule 1.1(d), on the ground that plaintiff has failed to prosecute this action and has failed to comply with the Court's discovery orders." Dkt. No. 26-1 ("Def. Mem. of Law") at 3.[3]

### A.  Fed. R. Civ. P. 41(b)

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order

---

[2] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.
[3] The page numbers following citations to Def. Mem. of Law refer to the pagination of the header numbers generated by CM/ECF, not the pagination within the document.

. . ." FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 (2d. Cir. 2014); see also N.D.N.Y. L.R. 41.2. Since a Rule 41(b) dismissal "is a harsh remedy . . . [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d. Cir. 1996) (citation omitted). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order,
>
> (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,
>
> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
>
> (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
>
> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71,74 (2d Cir. 1994)) (additional citations omitted). "Generally, no one factor is dispositive." Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (internal quotation marks and citation omitted). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting FED. R. CIV. P. 41(b)).

A review of the Court's docket shows that plaintiff's inactivity began after he filed his Motion for Leave to Proceed IFP and notice of change of address on February 27, 2018. See Dkt. No. 5. On October 17, 2018, defendant provided plaintiff documents in accordance with the Mandatory Pretrial Discovery and Scheduling Order, yet plaintiff

never provided defendant with any discovery. Reed Decl. ¶¶ 4, 6. Although plaintiff received adequate notice from defendant and the Court's Mandatory Pretrial Discovery and Scheduling Order, which advised him that "failure . . . to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action[,]" he failed to appear for his deposition on January 28, 2019. Reed Decl. ¶¶ 8, 10; Dkt. No. 20; Dkt. No. 26-2, Exhs. C, D. After plaintiff's failure to appear at his deposition, the Court set a telephone status conference for February 15, 2019, and again advised plaintiff that "failing to participate in court conferences or abide by Court Orders may result in the dismissal of his action." Dkt. No. 23. However, plaintiff did not appear for that conference. See Text Min. Entry dated Feb. 15, 2019. Additionally, Plaintiff failed to respond to defendant's Motion to Dismiss, despite being informed of that duty and the consequences of failing to respond. See Dkt No. 20 at 5; Dkt. No. 25; Dkt. No. 26-1 at 1; Text Min. Entry dated Feb. 15, 2019. For the past eighteen months plaintiff has not communicated with defendant or the Court in any manner.

Further, defendant has been prejudiced by plaintiff's complete failure to participate in discovery. See Lucas, 84 F.3d at 535. Defendant has been denied access to necessary information to defend herself in this action and has incurred costs in preparing for and arranging plaintiff's January 28, 2019 deposition. See Def. Mem. of Law at 4; Reed Decl. ¶11. Defendant argues that she will be prejudiced by further delay because "[m]emory of the events giving rise to plaintiff's claims has likely faded from witnesses, and from the plaintiff himself, who has yet to be deposed" and since plaintiff is no longer in the custody of DOCCS "it [is] possible that documents that were once in [plaintiff's] possession have been lost during his transition." Def. Mem. of Law at 6; see Shannon

v. Gen. Elec., 186 F.3d 186, 195 (2d. Cir. 1999) (discussing how unreasonable delay can be presumed even in the absence of a District Court's finding of specific prejudice to a defendant because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult.") (citation omitted); Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311 (SAS), 2000 WL 1677984, at * 3 (S.D.N.Y. Nov. 8, 2000) (finding that the defendants' inability to depose the plaintiff "makes it difficult, if not impossible, [for the defendants] to defend the lawsuit" and weighs in favor of Rule 41(b) dismissal.). The undersigned agrees with defendant that she will be further prejudiced by plaintiff's failure to participate in discovery as the events that gave rise to this lawsuit occurred in September 2017. Although defendant has participated in court conferences, very little progress has been able to be made due to plaintiff's absence. Further, witness' and parties' recollection of these events has likely faded and will continue to fade. See Georgiadis v. The First Boston Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("[t]he passage of time always threatens difficulty as memories fade."). Additionally, since plaintiff has failed to produce any discovery, access to relevant discovery, such as the parties' abilities to locate witnesses and preserve evidence, will be impacted by further delay. See Shannon, 186 F.3d at 195 (finding that the defendants would be prejudiced by further delay due to the likelihood that evidence had been misplaced and witness' memories had faded since the events at issue in the lawsuit took place over a decade prior, and witness' recollection had diminished.).

  The undersigned is cognizant of plaintiff's pro se status; however, sanctions less extreme than dismissal will not be effective in this case. Mindful of the principles of law

set forth herein, the undersigned determines that dismissal is appropriate in this matter. Plaintiff's failure to communicate with defendant and the Court subsequent to filing his Motion for Leave to Proceed IFP on April 18, 2018, establishes his intent to abandon this action. Moreover, his complete inactivity and disregard of the Court's notices and orders demonstrates that there is no meaningful way to secure plaintiff's appearance before the Court to litigate this action.  See McKnight v. J. Ferrick, et al., No. 9:16-CV-0957 (TJM/DEP), 2017 WL 3172794, at *3 (N.D.N.Y. June 30, 2017) ("[P]laintiff's failure to communicate, which by now is nearly six months, weighs in favor of dismissal . . . [a]lthough the length of plaintiff's delay to date is not exceedingly long, there is no indication of an end to his inactivity."). Plaintiff was warned that failure to participate in discovery and appear for a deposition may result in dismissal of his action, see Dkt. Nos. 20, 23, 26-1 at 1; however, he chose to disregard these warnings.  Given plaintiff's apparent abandonment and his ongoing refusal to comply, despite being warned of the consequences, the undersigned finds that imposition of any lesser sanction would not motivate plaintiff to litigate this action.

The undersigned has considered all of the relevant factors and finds that they weigh heavily in favor of dismissal.  Thus, it is recommended that defendant's Motion to Dismiss on this ground be granted.  Even considering plaintiff's pro se status, it is recommended that the dismissal of the action be with prejudice due to plaintiff's apparent abandonment of this case as evidenced by his lack of communication and participation over the last twenty months, including his failure to appear for his deposition, telephone status conference, or respond to defendant's motion to dismiss. See Karim-Rashid v. T. LaValley, No. 9:18-CV-495 (TJM/DEP), 2019 WL 1557164, at *1 (N.D.N.Y. Apr. 10, 2019)

(granting the defendants' motion to dismiss with prejudice based on the pro se plaintiff's failure to appear for his deposition despite a warning from the Court and the plaintiff's failure to respond to the defendants' motion); Gaines v. Bezio, No. 9:09-CV-0176 (GTS/DEP), 2009 WL 2252140, at *1 (N.D.N.Y. July 28, 2009) (dismissing the pro se plaintiff's complaint with prejudice for failure to prosecute and failure to comply with a Court order); Solomon v. Beachlane Management, No. 03 Civ. 5688 (DLC), 2004 WL 2403950, at *1 (S.D.N.Y. Oct. 26, 2004) (discussing a district court's "inherent power to dismiss a case with prejudice for lack of prosecution pursuant to" Fed. R. Civ. P. 41(b)); but c.f. Cintron v. Gettman, No. 9:15-CV-0542 (BKS/TWD), 2017 WL 2303604, at *4 (N.D.N.Y. May 1, 2017) (recommending dismissal of the plaintiff's action be without prejudice for failure to appear for two scheduled depositions); Perkins v. Rock, No. 9:12-CV-0459 (LEK/RFT), 2014 WL 4988224, at *4 (N.D.N.Y. Oct. 7, 2014) (recommending dismissal of the plaintiff's action for failure to prosecute be without prejudice); Jones v. Hawthorne, No. 9:12-CV-1745 (GTS/RFT), 2014 WL 2533166, at *2 (N.D.N.Y. June 5, 2014) (dismissing the pro se plaintiff's complaint without prejudice where the plaintiff had been released from DOCCS custody and failed to provide the Court with an updated address or communicate with the Court for ten months); Grace v. New York, No. 10 Civ. 3853 (LTS/GWG), 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010) (recommending dismissal for failure to prosecute without prejudice where the plaintiff could not be reached at the address provided).

### B. Fed. R. Civ. P. 37

In the alternative to dismissal under Rule 41(b), defendant argues that plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and Fed. R. Civ.

P. 37(d) for plaintiff's failure to submit to his deposition on January 28, 2019. See

at 7-9.  Fed. R. Civ. P. 37(b)(2)(A) provides for sanctions when a party fails to comply with a court order and states in relevant part: "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A).  Fed. R. Civ. P. 37(b)(2)(A)(v) allows for dismissal of the action in its entirety or in part.  See FED. R. CIV. P. 37(b)(2)(A)(v).  Fed. R. Civ. P. 37(d)(1)(A)(i) provides that the court can issue sanctions when "a party . . . fails, after being served with proper notice, to appear for that person's deposition[.]" FED. R. CIV. P. 37(d)(1)(A)(i).

Dismissal is a drastic remedy which should generally only be used when lesser sanctions would be inappropriate.  See Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citations omitted).  "[H]owever, discovery orders are meant to be followed"; thus, dismissal is justified when noncompliance is attributed to willfulness, bad faith, or fault of the offending party.  See id. (internal quotation marks and citations omitted).  In deciding an appropriate sanction, "the court may consider the full record . . . [specifically] the willfulness of the non-compliant party; the reasons for noncompliance; and whether the party has been warned of the consequences of the noncompliance." Broadcast Music, Inc. v. Metro Lounge & Café LLC, No. 5:10-CV-1149 (NAM/ATB), 2012 WL 4107807, at *2 (N.D.N.Y. July 18, 2012) (citations omitted); see also Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995).  The goals of sanctions are to "ensure that a party will not benefit from its own failure to comply . . . [, act as] specific deterrents and seek to obtain compliance with the particular order issued [, and] . . . serve [as] a general deterrent effect on the case at hand and on other

litigation . . . " Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639 (1976) (per curiam) (additional citation omitted).

As evidenced above, all relevant considerations support the dismissal of plaintiff's action as he has not communicated with either the Court or defendant since February 27, 2018, shortly after commencing this action. See Dkt. No. 5.  Moreover, plaintiff did not comply with the Mandatory Pretrial Discovery and Scheduling Order by failing to appear for his deposition, despite being given proper notice of the deposition, nor did he participate in the Court's telephonic status conference despite being given notice of the deposition and being warned of the consequences of failing to participate.  See Dkt. Nos. 20, 23.  Plaintiff's mail was never returned to the Court as undeliverable and he has never provided the Court with a different address; thus, it is presumed that plaintiff received all of the Court's communications.  There is no indication that plaintiff's refusal to appear for his deposition or the Court's conference was anything but willful.  The undersigned finds that the need to alleviate congestion on the Court's docket and prejudice to defendant outweighs plaintiff's right for a further opportunity to be heard in this matter.  Accordingly, in the alternative to dismissal under Rule 41(b), it is recommended that dismissal be granted pursuant to Rule 37.

### III.   Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) (Dkt. No. 26) be **GRANTED** and plaintiff's complaint (Dkt. No. 1) be **DISMISSED with prejudice**; and it is further

**RECOMMENDED**, that, in the alternative to dismissal pursuant to Fed. R. Civ. P. 41(b), defendant's Motion to Dismiss, insofar as it seeks dismissal pursuant to Fed. R. Civ. P. 37(d), be **GRANTED** and plaintiff's complaint (Dkt. No. 1) be **DISMISSED with prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 626(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.[4]

**IT IS SO ORDERED**.

Dated: November 4, 2019
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[4] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).