UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCOTT M. HUTCHEON,

          **Plaintiff,**

 vs.                9:18-CV-203
                       (MAD/CFH)
E. FARNUM,

          **Defendant.**
_____

APPEARANCES:          OF COUNSEL:

**SCOTT M. HUTCHEON**
P.O. Box 602
Bellmore, New York 11710
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**    **MATTHEW P. REED, ESQ.**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### DECISION AND ORDER

  On February 2, 2018, Plaintiff commenced this action *pro se* pursuant to 42 U.S.C. § 1983 against Defendant E. Farnum. *See* Dkt. No. 1-1. Plaintiff asserts that Defendant Farnum, who was employed at Marcy Correctional Facility, violated his constitutional rights under the Eighth Amendment. *See id.* at 1–2.

  On August 20, 2018, Magistrate Judge Christian F. Hummel issued the Mandatory Pretrial Discovery and Scheduling Order, setting a discovery deadline for February 20, 2019, a copy of which was served via regular mail to Plaintiff's provided address. *See* Dkt. No. 20; Text Entry

dated Aug. 20, 2018. On January 28, 2019, Plaintiff failed to appear for his deposition, after having been served with a notice of same by Defendant on January 2, 2019. *See* Dkt. No. 26-2 at ¶¶ 8, 10, 11; Dkt. No. 26-2, Ex. C. Plaintiff did not contact Defendant's counsel or communicate that he was unable to attend, nor was the Notice of Deposition returned to Defendant as undeliverable. *See* Dkt. No. 26-2 at ¶¶ 9, 10. On February 4, 2019, Magistrate Judge Hummel set a telephone status conference for February 15, 2019, and advised Plaintiff that "fail[ure] to participate in court conferences or abide by Court Orders may result in the dismissal of [the] action." Dkt. No. 23. Notice was sent to Plaintiff's provided address, *see id.*, after which Plaintiff failed to appear and did not contact the Court. *See* Text Min. Entry dated Feb. 15, 2019.

On April 2, 2019, Defendant moved to dismiss the current matter for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and failure to obey a discovery order pursuant to Federal Rule of Civil Procedure 37(d). *See* Dkt. No. 26-1. Plaintiff was afforded until April 26, 2019, to file a response. *See* Dkt. No. 25. To date, Plaintiff has not responded to Defendant's Motion to Dismiss, filed objections to Magistrate Judge Hummel's Report-Recommendation and Order, or engaged in any activity or communication with the Court since February 2018. *See* Dkt. Nos. 26, 27.

In a Report-Recommendation and Order dated November 4, 2019, Magistrate Judge Hummel recommended that Plaintiff's complaint be dismissed for failure to prosecute, and in the alternative, failure to obey a discovery order. *See* Dkt. No. 27 at 10–11. Magistrate Judge Hummel considered the five factors the court is required to consider in determining whether dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate. *See id.* at 4. Specifically, Magistrate Judge Hummel found that "[e]ven considering plaintiff's *pro se* status, it is recommended that the dismissal of the action be with prejudice due to

plaintiff's apparent abandonment of this case as evidenced by his lack of communication and participation over the last twenty months, including his failure to appear for his deposition, telephone status conference, or respond to defendant's motion to dismiss." *Id.* at 7. Having considered the relevant factors, Magistrate Judge Hummel recommended that the Court find that they "weigh decidedly in favor of dismissal." *Id.*

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

Rule 41(b) of the Federal Rules of Civil Procedure provides that,

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal of an action with prejudice under this rule is a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks and citation omitted). This is particularly true where a plaintiff is proceeding *pro se*. *See, e.g., Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (holding

3

that the circuit court will give due deference to the district court's Rule 41(b) dismissal of a *pro se* litigant's complaint "only when the circumstances are sufficiently extreme").

Notwithstanding a plaintiff's *pro se* status, Rule 41(b) gives the district court explicit authority to dismiss a case where the plaintiff fails to comply with the court's orders or otherwise fails to prosecute the action "diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). As explained in *Lyell Theatre*, this authority "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Id.* at 42.

In determining whether dismissal for failure to prosecute is warranted, the district court must consider the following factors, none of which are dispositive: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted).

In the present matter, Plaintiff received adequate notice that his failure to comply with Magistrate Judge Hummel's orders could lead to dismissal, and the Court agrees that no sanction short of dismissal is appropriate. Mindful of the fact that *pro se* cases should not readily be dismissed for procedural deficiencies, the Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies and constitute actual neglect. Plaintiff has failed to prosecute this action diligently and has failed to comply with orders of this Court. As such, the Court finds that each of the factors relevant to the Rule 41(b) analysis favors dismissal.

Having reviewed Magistrate Judge Hummel's November 4, 2019 Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Hummel correctly recommended that the Court should dismiss the claim against Defendant with prejudice in light of Plaintiff's failure to prosecute and obey court orders. *See* Dkt. No. 27 at 4–8.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order is **ADOPTED in its entirety;** and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED** with prejudice; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 8, 2020
　　　　Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge